Zhang v. Holder

BIA
Chew, IJ
A090 347 373

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand thirteen.

PRESENT:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

WENDENG ZHANG,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

10-1391 (L),
10-4157 (Con)
NAC

_____

FOR PETITIONER: Gary J. Yerman, Yerman & Associates, LLC, New York, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Matthew A. Spurlock, Trial Attorney, Office of

UPON DUE CONSIDERATION of these petitions for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED, and the parties' pending motions are DENIED as moot.

Wendeng Zhang, a native and citizen of the People's Republic of China, seeks review of: (1) a March 29, 2010, decision of the BIA affirming the January 4, 2008, decision of an Immigration Judge ("IJ"), denying Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re Wendeng Zhang*, No. A090 347 373 (B.I.A. Mar. 29, 2010), *aff'g* No. A090 347 373 (Immig. Ct. N.Y. City Jan. 4, 2008); and (2) a September 21, 2010, decision of the BIA denying his motion to reopen, *In re Wendeng Zhang*, No. A090 347 373 (B.I.A. Sept. 21, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

## I.  Docket 10-1391 (L) - Final Order of Removal

We have reviewed the IJ's decision as supplemented by the BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d

Cir. 2005). We review the agency's factual findings under the substantial evidence standard, *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008), and questions of law *de novo*, *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2). To establish a well-founded fear of persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). The agency did not err in concluding that Zhang failed to demonstrate the objective reasonableness of his fear of persecution based on his violation of China's family planning policy with the birth of his two U.S. citizen children. *See Jian Hui Shao*, 546 F.3d at 157-67.

Although, as Zhang argues, the agency may err in rejecting a document solely based on an alien's failure to properly authenticate the document pursuant to 8 C.F.R. § 287.6, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir. 2005), the agency did not decline to

credit a family planning notice from his local village committee based solely on his failure to authenticate the document, but also reasonably noted that the notice was not signed or notarized and that the author of the notice was not identified. Moreover, the BIA alternatively evaluated the substance of the notice and did not err in concluding that its indication that Zhang would be subject to the mandatory sterilization requirement did not demonstrate that such requirement would be carried out in a manner that would constitute persecution in light of country conditions evidence to the contrary. *See Jian Hui Shao*, 546 F.3d at 165, 172.

Furthermore, contrary to Zhang's contention, the BIA did not err in giving diminished weight to letters from Zhang's relatives because they were interested witnesses not subject to cross examination, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342; *see also Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214-15 & n.5 (BIA 2010) (affording minimal weight to documents obtained solely for removal proceedings by interested witnesses not subject to cross-examination), *remanded on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012), and the letters did not involve individuals similarly situated to

4

Zhang, as the targeted individuals were women with children born in China, and the letters lacked any description as to the force purportedly used. *See Jian Hui Shao*, 546 F.3d at 160-61 & n.20 (recognizing the "irony that so many of the asylum applicants claiming persecution under the one-child policy are male, while physical burdens associated with policy compliance – abortions and the vast majority of sterilizations – are borne by women.") (internal quotations marks omitted); *see also id.* at 172 (finding no error in the BIA's determination that it can not infer a reasonable possibility of forced sterilization from occasional reports of forced sterilization that lack detail). Similarly, the agency did not err in summarily considering the oft-cited statement from Mr. Jin Fun Chen, who claimed to have been forcibly sterilized in Fujian Province for violating the family planning policy with the birth of his second child in Japan, and concluding that the letter lacked any detail and did not discuss the situation of individuals similarly situated to Zhang, *i.e.*, a Chinese national with U.S. citizen children. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006); *see also Jian Hui Shao*, 546 F.3d at 152, 155,169.

As to Zhang's claimed fear of economic persecution, the agency did not err in concluding that he failed to submit evidence demonstrating a reasonable possibility that any fine for the birth of his children, if imposed, would cause him severe economic harm because he submitted no evidence of his personal financial situation. *See also Guan Shan Liao v. U.S. Dep't. of Justice*, 293 F.3d 61, 70 (2d Cir. 2002); *Matter of T-Z-*, 24 I. & N. Dec. 163, 170-75 (BIA 2007). Accordingly, the agency did not err in finding that Zhang failed to demonstrate a well-founded fear of forced sterilization or economic persecution under the family planning policy, and reasonably denied him asylum, withholding of removal, and CAT relief. *See Jian Hui Shao*, 546 F.3d at 156-67, 172; *Guan Shan Liao*, 293 F.3d at 70.

**II.  Docket 10-4157 (Con) - Denial of Motion to Reopen**

We review the BIA's denial of Zhang's motion to reopen for abuse of discretion, the BIA's evaluation of relevant country conditions under the substantial evidence standard, and questions of law *de novo*. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008); *Salimatou Bah*, 529 F.3d at 110. As an initial matter, we conclude, contrary to Zhang's assertion, that the BIA applied the appropriate standard by requiring Zhang to demonstrate his *prima facie*

6

eligibility for the underlying relief sought.  *See Jian Hui Shao*, 546 F.3d at 168-69.

Additionally, the BIA did not err in denying Zhang's motion to reopen for failure to submit new, previously unavailable material evidence demonstrating a realistic chance that he will face persecution in China on account of his Christian faith.  *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (recognizing that a movant's failure to present previously unavailable, material evidence or to establish his *prima facie* eligibility for the underlying relief sought are proper grounds for denying a motion to reopen).  As the BIA noted, evidence of Zhang's religious faith was previously available, as was country conditions evidence indicating that the Chinese government has regulated, controlled, and targeted religious groups since at least 2005, well before Zhang's January 2008 hearing.  *See Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir. 2006) (recognizing that in determining if a movant's evidence was previously available, the proper inquiry is whether the evidence "could have been presented at the hearing before the IJ").

Moreover, the BIA reasonably concluded that the country conditions evidence did not demonstrate that Zhang had a realistic chance of being persecuted, as various 2009 U.S.

7

Department of State reports in the record indicated that religious freedom had increased in many areas of China and that unregistered Christian churches were common throughout the country with most operating openly. Furthermore, as the BIA noted, a 2009 ChinaAid report submitted by Zhang indicated that most incidents of persecution involved religious leaders, house churches in urban areas, and mega-churches, and Zhang did not claim that he was a religious leader, that he was from an urban area, or that he intended to join a mega-church. *See Jian Hui Shao*, 546 F.3d at 160-61, 172-73.

Finally, the BIA did not abuse its discretion in giving diminished weight to a letter in which Zhang's cousin claimed to have been detained and abused in February 2010 for attending a house church, because the letter lacked detail and was uncorroborated by medical evidence substantiating his cousin's alleged injury. *See Xiao Ji Chen*, 471 F.3d 315, 342; *Jian Hui Shao*, 546 F.3d at 155, 171-72. Accordingly, the BIA did not err in denying Zhang's motion to reopen for failure to submit new, previously unavailable evidence demonstrating his *prima facie* eligibility for relief. *See Abudu*, 485 U.S. at 104-05.

8

For the foregoing reasons, the petitions for review are DENIED.  As we have completed our review, Zhang's pending motions for a stay of removal and the government's motion to expedite consideration are DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk